IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERRY MEANS,

                                                  OPINION and ORDER

                Plaintiff,

                                                  11-cv-235-bbc

       v.

DODGE CORRECTIONAL INSTITUTION,
JIM SCHWOCHERT, CARRIE KLIPFEL,
BROOKS FELDMAN, J. LUNGREN, JOHN DOE,
JOANNE BOVEE, KAREN GOURLIE, TOM GOZINSKE,
COLUMBIA CORRECTIONAL INSTITUTION,
GREGORY GRAMS, K. LLOYD, THOMAS MALONEY,
C. GRUCK, MARK MARSHALL, CONNIE CHAMPION,
AMY MILLARD, JOANNE LANE, MARY LEISER,
MILWAUKEE SECURE DETENTION FACILITY,
JOHN HUSZ, N. KOREMENOS, C. HUPEL, MS. NIMZ,
NEATHER PAULSEN, KELLY SALINAS,
NEW LISBON CORRECTIONAL INSTITUTION,
JANE DOE, LIZZE TESIS, CAPTAIN KANNENBERG,
MS. MARTIN, JEFF JAEGAR, C.O. KROOKS,
LYNN WASHETAS and C.O. BAYMER,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Jerry Means, a prisoner at the Wisconsin Secure Program Facility, has filed a proposed complaint, a supplement to the complaint, a motion for appointment of counsel and a request for leave to proceed in forma pauperis. Plaintiff brings two claims. First, he

1

alleges that he has been denied access to the courts, mainly because the law libraries at several Wisconsin prisons are substandard.  Also, he alleges that prison staff has violated his Eighth Amendment rights by withholding needed psychotropic medications.  Plaintiff has struck out under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury.  After applying 28 U.S.C. § 1915(g) to plaintiff's claims, I conclude that his access to the courts claim does not meet this requirement and he will have to pay a $350 filing fee to pursue this claim.  Also, I conclude that plaintiff's Eighth Amendment claim violates Fed. R. Civ. P. 8, and he will have to file an amended complaint if he wants to pursue this claim.  Therefore, I will give plaintiff a chance to choose which claim or claims he wishes to litigate in this case.

> 28 U.S.C. § 1915(g) reads as follows:
>
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, plaintiff has brought lawsuits that were dismissed for being legally frivolous, malicious or for failing to state a claim upon which relief may be granted.

Means v. Paulsen, no. 09-cv-766 (E.D. Wis. Aug. 24, 2009); Means v. Milwaukee Secure Detention Facility no. 09-cv-744 (E.D. Wis. Aug. 24, 2009); Means v. Department of Corrections (E.D. Wis. Aug. 24, 2009). Plaintiff remains struck out even following the November 2, 2010 opinion in Turley v. Gaetz, 09-3847, 2010 WL 4286368, in which the Court of Appeals for the Seventh Circuit held that "a strike is incurred under § 1915(g) when an inmate's case is dismissed in its entirety based on the grounds listed in § 1915(g)," rather than when only one claim out of several is dismissed under § 1915(g). Each of the cases in which plaintiff received a strike was dismissed in its entirety. Therefore, plaintiff cannot proceed in this case unless I find that he has alleged that he is in imminent danger of serious physical injury.

To meet the imminent danger requirement of § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and must show that the threat or prison condition causing the physical injury is real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003); Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). Ordinarily, claims of physical injury arise in the context of lawsuits alleging Eighth Amendment violations. In his complaint, plaintiff raises two claims. His claim regarding access to the courts does not meet the imminent danger requirement. His claim that he has been denied needed psychotropic medications is a claim that might meet this standard, but I cannot make

3

that determination on the basis of plaintiff's current pleadings because his allegations regarding this claim violate Fed. R. Civ. P. 8.

Fed. R. Civ. P. 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." At this point, plaintiff's allegations are too vague to alert the proper defendants of what they did to violate plaintiff's rights. One problem is that plaintiff does not say which defendants were involved in the deprivation of his medications. Another problem is that plaintiff does not provide enough detail about his claim, such as what illnesses or conditions his medications were for, how and when the medications were taken away, whether plaintiff complained about the deprivation and how the defendant or defendants responded to his complaints.

Given the problems with plaintiff's complaint detailed above, he will have to choose how to proceed with this lawsuit. He will have until June 3, 2011 to choose one of the following options.

If he wishes to proceed in forma pauperis only on his Eighth Amendment claim, he will have to submit an amended complaint that more clearly sets out his claim in accordance with Rule 8 and also indicate his desire to dismiss his access to the courts claim.

If he wishes to proceed only with the access to the courts claim, he will have to pursue this case as a paying litigant. He must submit a check or money order made payable to the clerk of court in the amount of $350 and also indicate his desire to dismiss his Eighth

4

Amendment claim.

If plaintiff wishes to pursue both claims, then he will have to submit $350 for the filing fee *and* amend his complaint to more fully detail his Eighth Amendment claim.

Should plaintiff choose to pursue both claims, he has another problem; his complaint almost certainly violates Fed. R. Civ. P. 20, which prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036-45 (2d ed. 1978). Although it seems unlikely that plaintiff's access to the courts claim arises out of the same series of transactions or occurrences as his claim regarding the deprivation of his medications, if he believes both claims can be properly brought in this lawsuit he should submit his amended complaint and explain how his claims are related.

If plaintiff does not respond to this order by June 3, 2011, I will assume that he does not want to pursue this action. In that event, the clerk of court is directed to close this file. However, even if the file is closed, plaintiff will still owe the $350 filing fee and he must pay it as soon as he has the means to do so. Newlin v. Helman, 123 F.3d 429, 436-437 (7th Cir.

5

1997).

There is a final issue to address. Plaintiff has filed a motion for appointment of counsel. In determining whether to appoint counsel, I must find first that plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful or that he has been prevented from making such efforts. Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992). To prove that he has made reasonable efforts to find a lawyer, plaintiff must give the court the names and addresses of at least three lawyers whom he asked to represent him in this case and who turned him down. Plaintiff has not met this prerequisite. Moreover, even the motion had been submitted properly, it is premature. Appointment of counsel is appropriate in those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's demonstrated ability to prosecute it. Pruitt v. Mote, 503 F.3d 647, 654, 655 (7th Cir. 2007). It is far too early to make that determination in this case, as I have not yet allowed plaintiff to proceed on any of his claims. Accordingly, I will deny his motion without prejudice to his filing it again at a later date.

ORDER

IT IS ORDERED that

1. Plaintiff Jerry Means may have until June 3, 2011, to advise the court how he

6

wishes to proceed with this case as explained in the opinion above.

2. Plaintiff's motion for appointment of counsel, dkt. #3, is DENIED.

Entered this 13th day of May, 2011.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge